IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEXAS GUARANTEED STUDENT LOAN CORPORATION,<br>                Plaintiff,<br>V.<br><br>MERCER STREET BOOKS, INC.,<br>                Defendant. | CIVIL ACTON NO.<br><br>06 CIV 11495 |



PLAINTIFF TEXAS GUARANTEED STUDENT LOAN
CORPORATION'S ORIGINAL COMPLAINT

ROBINSON

*TO THE HONORABLE JUDGE OF SAID COURT:*

**NOW COMES** Texas Guaranteed Student Loan Corporation ("TGSLC"), and files this Original Complaint seeking relief against the Defendant, Mercer Street Books, Inc. (the "Defendant") and would show the Court as follows:

### PARTIES

1.    TGSLC is a public non-profit corporation created by the Texas Legislature, and under the TEXAS NON-PROFIT CORPORATION ACT has the power to prosecute this suit. See TEX. EDUC. CODE ANN. §§ 57.11, 57.22 (Vernon Supp. 1996); TEX. REV. CIV. STAT. ANN. art. 1396-2.02(A)(2) (Vernon Supp. 1996).

2.    The Defendant is a New York corporation located at 206 Mercer Street, New York, New York 10012, that may be served with process through its Chief Executive Officer, Wayne T. Conti.

### JURISDICTION

3.    This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6).

## VENUE

4.     Because the Defendant is a New York resident, venue for this action is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 112(b), 1391(c).

## FACTUAL ALLEGATIONS

5.     Under Title IV, Part B of the Higher Education Act of 1965, Congress enacted a program in which the federal government encouraged the making of loans by private lenders to eligible students to finance the students' postsecondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education ("the Secretary") pay part of the student's interest costs and guarantee repayment of the loan if the student defaults. *Id.* § 1078(a), (c). This program is presently known as the Federal Family Education Loan Program ("the Loan Program").

6.     To assist the Secretary in implementing and operating the Loan Program, Congress provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. § 1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary then reimburses the guaranty agency for all or part of these payments under a reinsurance agreement with the agency. *Id.* § 1078(c). Guaranty agencies also receive funds to administer the program on behalf of the Secretary, including collecting defaulted student loans upon which the guaranty agency has paid the holder and received reimbursement from the Secretary. *Id.* § 1078(c)(2); 34 C.F.R. § 682.410(b). When a guaranty agency collects money on a defaulted student loan, it sends the

majority to the Secretary and retains a portion of the money to defray its costs of collection. 20 U.S.C. § 1078(2)(D).

7. To assist the Secretary and guaranty agencies in collecting defaulted student loans, in 1991, the U.S. Congress gave these entities the authority to administratively issue orders to defaulted borrowers' employers requiring the withholding of up to ten percent of the disposable pay of these borrowers. *See* 20 U.S.C. § 1095a; *see also* Dear Guaranty Agency Director Ltr. (Dep't Educ. 1997) (attached as Exhibit "A"). This section explicitly preempts state laws and sets out procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a withholding order. 20 U.S.C. § 1095a(a), (b); *see also* 34 C.F.R. § 682.410(b)(10). This section also provides that guaranty agencies may sue employers who do not deduct and pay over wages to the agency as directed in the withholding order. 20 U.S.C. § 1095a(a)(6); *see also* 34 C.F.R. § 682.410(b)(10)(i)(F).

8. TGSLC is a guaranty agency and has entered into a reinsurance agreement with the Secretary in accordance with 20 U.S.C. § 1078(c). Pursuant to its authority under this agreement and section 57.41(a) of the Texas Education Code, TGSLC guaranteed certain student loan promissory note(s) for Wayne T. Conti ("Borrower"). Pursuant to its guarantees, TGSLC paid the note holder(s) and received an assignment of the note(s). TGSLC also received reinsurance from the Secretary and undertook collection of the notes.

9. As part of its collection efforts, TGSLC instituted proceedings to withhold a portion of the Borrower's wages from the Defendant. TGSLC performed all conditions necessary to issue a wage withholding order.

10. TGSLC issued a wage withholding order on November 16, 2005. A true and correct copy of that order is attached as Exhibit "B".

11. Defendant did not remit all required payments in accordance with the order. TGSLC sent Defendant a subsequent notice on January 5, 2006 requesting compliance with the original order. Attached as Exhibit "C" is a true and correct copy of that subsequent notice.

12. Defendant has at all relevant times failed and refused to comply with the withholding order and has not withheld the appropriate portion of the wages of the Borrower, its employee.

## VIOLATION OF 20 U.S.C. § 1095a

13. Based upon the foregoing allegations, Defendant is in violation of 20 U.S.C. § 1095a by refusing and failing to withhold the appropriate portion of the wages of the Borrower, its employee. This provision of federal law allows guaranty agencies, such as TGSLC, to administratively garnish ten percent of the disposable pay of defaulted student loan borrowers by issuing a wage withholding order to the borrower's employer.

14. Because Defendant has refused to fully comply with the order sent to it by TGSLC to withhold a portion of the wages of the Borrower, Defendant is liable for any and all amounts it failed to withhold following receipt of the order in this case. This amount would be either ten percent of the Borrower's disposable pay or such lesser amount as is dictated by 15 U.S.C. § 1673, from the date of Defendant's receipt of the

withholding order to the date the Borrower ceases to be employed by Defendant or the date this Court enters judgment, less any payments already remitted.

15.  Plaintiff is also entitled to its attorneys' fees as a result of hiring the undersigned counsel to prosecute this suit.

## INJUNCTION

16.  Based upon Defendant's continuing refusal and failure to comply with the terms of the withholding order, TGSLC seeks a mandatory injunction requiring Defendant to withhold and remit ten percent of the Borrower's disposable pay (or the amount required under 15 U.S.C. § 1673 if less), until the Borrower's student loan indebtedness is paid in full or the Borrower ends any employment with Defendant, whichever occurs earlier.

17.  TGSLC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and thus is entitled to injunctive relief in addition to damages for Defendant's past violations.

**WHEREFORE**, PREMISES CONSIDERED, TGSLC respectfully requests this Court to grant TGSLC:

1. Damages for the amount of money Defendant should have paid over to TGSLC out of the wages of the Borrower;

2. Pre and post-judgment interest on this amount as allowed by law;

3. A mandatory injunction requiring Defendant to withhold and remit the proper amount of money from the wages of the Borrower until the defaulted student loan is either paid in full or the Borrower no longer works for Defendant;

4. Reasonable attorneys' fees and costs of court; and

5. Such other and further relief to which TGSLC may show itself entitled.

Respectfully submitted,

PULLMAN & COMLEY, LLC

By: _____
Keith N. Costa (SDNY # KC /2/3 )
Jessica Grossarth (SDNY # JG 1138 )
50 Main Street – Suite 1000
White Plains, NY 10606
(914) 682-6895 (Telephone)
(914) 682-6894 (Telecopier)
**ATTORNEYS FOR PLAINTIFF
TEXAS GUARANTEED STUDENT
LOAN CORPORATION**

Bridgeport/71256.1/JXG/614268v1