UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEXAS GUARANTEED STUDENT ) <br> LOAN CORPORATION, ) <br>     Plaintiff, ) <br> V. ) <br> ) <br> MERCER STREET BOOKS, INC., ) <br>     Defendant. ) <br> ) | CIVIL ACTON NO. <br><br> 06-CV-11495(WHP) (THK) <br> (ECF Case) <br><br> November 9, 2007 |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: October 31, 2006

Date Complaint Served: November 6, 2006

Date of Defendant's Appearance: No Appearance Filed

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and this Court's Scheduling Order dated September 12, 2007, a conference between the parties was attempted to be held on November 9, 2007. The participants were Keith N. Costa and Jessica Grossarth for the Plaintiff. Given that the Plaintiff's counsel were unable to reach the Defendant, the Plaintiff submits this proposed Report without having conferred with the Defendant.

I. **Certification**

Undersigned counsel certify that, after consultation with their client, they have discussed the nature and basis of the parties' claims and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their client, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this

report to their client.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### B. Personal Jurisdiction

The parties do not contest the exercise of personal jurisdiction over all the parties.

## III. Brief Description of Case

### A. Claims of Plaintiff

Plaintiff seeks collection of monies and damages, including attorney's fees, for Defendant's violation of 20 U.S.C. §1095a by refusing and failing to withhold the appropriate portion of wages of the Borrower, Wayne T. Conti, the Defendant's employee and President. Based upon Defendant's continued refusal and failure to comply with the terms of the withholding order, TGSLC seeks a mandatory injunction requiring Defendant to withhold and remit ten percent (10 %) of Borrower's disposal income (or the amount required under 15 U.S.C. §1673 if less) until Borrower's student loan indebtedness is paid in full.

### B. Defenses of Defendants

To be supplied by Defendant.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following facts are undisputed:

2

1. Pursuant to its authority as a guaranty agency under 20 U.S.C. §1085, Plaintiff TGSLC guaranteed certain student loan promissory note(s) for Wayne T. Contin, Borrower and employee/president of Defendant Mercer Street Books, Inc. with a place of business address of 206 Mercer Street, New York, New York.

2. As part of its collection efforts, TGSLC issued a wage withholding order on November 16, 2005.

3. Defendant Mercer Street Books, Inc. did not remit all required payments in accordance with the order; hence, TGSLC sent Defendant a subsequent notice on January 5, 2006 requesting compliance with the original order.

4. Current total amount of monies and damages, including attorney's fees, sought by Plaintiff is currently $28,321.92.

## V. Case Management Plan

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B. Initial Disclosures

The parties agree that the initial disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made on or before December 15, 2007.

### C. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**D.   Early Settlement Conference**

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.   The parties do not request an early settlement conference.

3.   Not applicable.

4.   The Defendant, but not the Plaintiff, requests a referral for alternative dispute resolution pursuant to S.D.N.Y. L. Civ. R. 16.

**E.   Joinder of Parties and Amendment of Pleadings**

1.   Defendant may file a motion to join additional parties or a motion to amend the pleadings by January 15, 2008.

2.   Plaintiff does not anticipate filing a motion to join additional parties.

**F.   Discovery**

1.   The parties anticipate that discovery will be needed on the following subjects. The parties reserve the right to raise the objection of attorney-client privilege and/or attorney-client work product with regard to the designated areas of discovery.

   a.   Defendant's disposition of any and all monies that Defendant withheld from its president and employee, Wayne T. Conti;

   b.   Communications between Defendant and Wayne T. Conti concerning the original wage withholding order issued by TGSLC on November 16, 2005;

   c.   Communications between Defendant and Wayne T. Conti concerning the

4

subsequent notice issued by TGSLC requesting compliance with the original order;

   d. Borrower Wayne T. Conti's knowledge about and participation in Defendant's failure to withhold and remit ten percent (10%) of Borrower's disposable income until Borrower's student loan indebtedness is paid in full;

   e. Plaintiff's demands to Defendant for an accounting and Defendant's responses to those demands;

   f. Plaintiff's damages;

   g. Whether defense of this legal action was properly authorized by persons with proper corporate authority to act on behalf of Defendant;

   h. The manner in which Defendant entered the subject wage withholding order in its own accounting records and how it categorized said order;

   i. Any written or oral instructions that Defendant gave to Wayne T. Conti concerning the subject wage withholding order; and

   j. Any communications that occurred within Defendant concerning the subject wage withholding order, including the purposes therefore.

  2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by May 15, 2008.

  3. Discovery will not be conducted in phases.

  4. Not applicable.

  5. The parties anticipate that Plaintiff will require a total of one to two depositions of fact witnesses, and that Defendant will require a total of one to two depositions of fact witnesses.

The depositions will be completed by May 15, 2008.

6. No party will serve more than 25 interrogatories without the permission of the Court.

7. Plaintiff does not intend to call any expert witnesses at trial. However, Plaintiff will designate any trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 15, 2008. Depositions of any such experts will be completed by April 1, 2008.

8. Defendant does not intend to call any expert witnesses at trial. However, Defendant will designate all experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 1, 2008. Depositions of any such experts will be completed by May 15, 2008.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 1, 2008, unless the other party has not by March 15, 2008 complied with such discovery obligations as would be necessary for such analysis to be prepared, in which case the damages analysis will be provided fifteen days after the completion of such discovery obligations.

10. Undersigned counsel believe it is premature to agree on procedures regarding the disclosure and preservation of electronically stored information until initial document requests and responses have been served. Undersigned counsel agree to work cooperatively and in good faith to reach an agreement on the scope, format and mode of production of such information after responses to initial document requests have been served.

11.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties will undertake to reach agreement with regard to these procedures and if unable to do so will promptly advise the Court of their respective positions.

### G.  Dispositive Motions

Dispositive motions, if any, will be filed on or before June 15, 2008.

### H.  Joint Trial Memorandum

If no dispositive motions are filed, the parties' Joint Trial Memorandum will be filed no later than July 15, 2008.  If dispositive motions are filed, the Joint Trial Memorandum will be filed within thirty days after the Court's decision on any dispositive motions.

## VI.  Trial Readiness

If no dispositive motions are filed, the case will be considered trial ready on August 1, 2008.  If dispositive motions are filed, the case will be considered trial ready within thirty days after the filing of the parties' Joint Trial Memorandum.

7

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**PLAINTIFF Texas Guaranteed Student Loan Corporation**

By: /s/ Jessica Grossarth
Keith N. Costa – kc1213
Jessica Grossarth – jg1138
Pullman & Comley, LLC
50 Main Street, Suite 1000
White Plains, NY 10606
Tel. No. (914) 682-6895
Fax No. (914) 682-6894
E-mail: kcosta@pullcom.com
E-mail: jgrossarth@pullcom.com

Bridgeport/71256.1/JXG/660476v1