# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEXAS GUARANTEED STUDENT LOAN CORPORATION,<br>Plaintiff,<br><br>V.<br><br>MERCER STREET BOOKS, INC.,<br>Defendant. | CIVIL ACTON NO.<br><br>'06 CIV 11495 |

**PLAINTIFF TEXAS GUARANTEED STUDENT LOAN
CORPORATION'S ORIGINAL COMPLAINT**

ROBINSON

*TO THE HONORABLE JUDGE OF SAID COURT:*

**NOW COMES** Texas Guaranteed Student Loan Corporation ("TGSLC"), and files this Original Complaint seeking relief against the Defendant, Mercer Street Books, Inc. (the "Defendant") and would show the Court as follows:

### PARTIES

1. TGSLC is a public non-profit corporation created by the Texas Legislature, and under the TEXAS NON-PROFIT CORPORATION ACT has the power to prosecute this suit. *See* TEX. EDUC. CODE ANN. §§ 57.11, 57.22 (Vernon Supp. 1996); TEX. REV. CIV. STAT. ANN. art. 1396-2.02(A)(2) (Vernon Supp. 1996).

2. The Defendant is a New York corporation located at 206 Mercer Street, New York, New York 10012, that may be served with process through its Chief Executive Officer, Wayne T. Conti.

### JURISDICTION

3. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6).

## VENUE

4.  Because the Defendant is a New York resident, venue for this action is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 112(b), 1391(c).

## FACTUAL ALLEGATIONS

5.  Under Title IV, Part B of the Higher Education Act of 1965, Congress enacted a program in which the federal government encouraged the making of loans by private lenders to eligible students to finance the students' postsecondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education ("the Secretary") pay part of the student's interest costs and guarantee repayment of the loan if the student defaults. *Id.* § 1078(a), (c). This program is presently known as the Federal Family Education Loan Program ("the Loan Program").

6.  To assist the Secretary in implementing and operating the Loan Program, Congress provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. § 1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary then reimburses the guaranty agency for all or part of these payments under a reinsurance agreement with the agency. *Id.* § 1078(c). Guaranty agencies also receive funds to administer the program on behalf of the Secretary, including collecting defaulted student loans upon which the guaranty agency has paid the holder and received reimbursement from the Secretary. *Id.* § 1078(c)(2); 34 C.F.R. § 682.410(b). When a guaranty agency collects money on a defaulted student loan, it sends the

majority to the Secretary and retains a portion of the money to defray its costs of collection. 20 U.S.C. § 1078(2)(D).

7.     To assist the Secretary and guaranty agencies in collecting defaulted student loans, in 1991, the U.S. Congress gave these entities the authority to administratively issue orders to defaulted borrowers' employers requiring the withholding of up to ten percent of the disposable pay of these borrowers. *See* 20 U.S.C. § 1095a; *see also* Dear Guaranty Agency Director Ltr. (Dep't Educ. 1997) (attached as Exhibit "A"). This section explicitly preempts state laws and sets out procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a withholding order. 20 U.S.C. § 1095a(a), (b); *see also* 34 C.F.R. § 682.410(b)(10). This section also provides that guaranty agencies may sue employers who do not deduct and pay over wages to the agency as directed in the withholding order. 20 U.S.C. § 1095a(a)(6); *see also* 34 C.F.R. § 682.410(b)(10)(i)(F).

8.     TGSLC is a guaranty agency and has entered into a reinsurance agreement with the Secretary in accordance with 20 U.S.C. § 1078(c). Pursuant to its authority under this agreement and section 57.41(a) of the Texas Education Code, TGSLC guaranteed certain student loan promissory note(s) for Wayne T. Conti ("Borrower"). Pursuant to its guarantees, TGSLC paid the note holder(s) and received an assignment of the note(s). TGSLC also received reinsurance from the Secretary and undertook collection of the notes.

9. As part of its collection efforts, TGSLC instituted proceedings to withhold a portion of the Borrower's wages from the Defendant. TGSLC performed all conditions necessary to issue a wage withholding order.

10. TGSLC issued a wage withholding order on November 16, 2005. A true and correct copy of that order is attached as Exhibit "B".

11. Defendant did not remit all required payments in accordance with the order. TGSLC sent Defendant a subsequent notice on January 5, 2006 requesting compliance with the original order. Attached as Exhibit "C" is a true and correct copy of that subsequent notice.

12. Defendant has at all relevant times failed and refused to comply with the withholding order and has not withheld the appropriate portion of the wages of the Borrower, its employee.

## VIOLATION OF 20 U.S.C. § 1095a

13. Based upon the foregoing allegations, Defendant is in violation of 20 U.S.C. § 1095a by refusing and failing to withhold the appropriate portion of the wages of the Borrower, its employee. This provision of federal law allows guaranty agencies, such as TGSLC, to administratively garnish ten percent of the disposable pay of defaulted student loan borrowers by issuing a wage withholding order to the borrower's employer.

14. Because Defendant has refused to fully comply with the order sent to it by TGSLC to withhold a portion of the wages of the Borrower, Defendant is liable for any and all amounts it failed to withhold following receipt of the order in this case. This amount would be either ten percent of the Borrower's disposable pay or such lesser amount as is dictated by 15 U.S.C. § 1673, from the date of Defendant's receipt of the

withholding order to the date the Borrower ceases to be employed by Defendant or the date this Court enters judgment, less any payments already remitted.

15. Plaintiff is also entitled to its attorneys' fees as a result of hiring the undersigned counsel to prosecute this suit.

## INJUNCTION

16. Based upon Defendant's continuing refusal and failure to comply with the terms of the withholding order, TGSLC seeks a mandatory injunction requiring Defendant to withhold and remit ten percent of the Borrower's disposable pay (or the amount required under 15 U.S.C. § 1673 if less), until the Borrower's student loan indebtedness is paid in full or the Borrower ends any employment with Defendant, whichever occurs earlier.

17. TGSLC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and thus is entitled to injunctive relief in addition to damages for Defendant's past violations.

**WHEREFORE**, PREMISES CONSIDERED, TGSLC respectfully requests this Court to grant TGSLC:

1. Damages for the amount of money Defendant should have paid over to TGSLC out of the wages of the Borrower;

2. Pre and post-judgment interest on this amount as allowed by law;

3. A mandatory injunction requiring Defendant to withhold and remit the proper amount of money from the wages of the Borrower until the defaulted student loan is either paid in full or the Borrower no longer works for Defendant;

4. Reasonable attorneys' fees and costs of court; and

5. Such other and further relief to which TGSLC may show itself entitled.

Respectfully submitted,

PULLMAN & COMLEY, LLC

By: _____
Keith N. Costa (SDNY # KC1213)
Jessica Grossarth (SDNY # JG1138)
50 Main Street – Suite 1000
White Plains, NY 10606
(914) 682-6895 (Telephone)
(914) 682-6894 (Telecopier)
**ATTORNEYS FOR PLAINTIFF
TEXAS GUARANTEED STUDENT
LOAN CORPORATION**

Bridgeport/71256.1/JXG/614268v1

# *EXHIBIT A*



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF POSTSECONDARY EDUCATION

FEB 24 1997

RECEIVED

Dear Guaranty Agency Director:

RE: Administrative wage garnishment

We have been asked to update and reissue the list of guaranty agencies that was sent to you in 1994. You will note that this list refers to the Educational Credit Management Corporation (ECMC), which is the new name for what was formerly known as the Transitional Guaranty Agency.

The list has proved helpful in assuring employers that your agency is authorized under federal law to administratively garnish the wages of borrowers who owe defaulted loans. Please ensure that it is sent with every withholding order sent to employers.

Sincerely,

Pamela A. Moran
Chief, Loans Branch
Policy Development Division
Student Financial Assistance Programs

Enclosure

Exhibit "A", Page 1 of 2

600 INDEPENDENCE AVE., S.W. WASHINGTON, D.C. 20202

Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation.

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF POSTSECONDARY EDUCATION

The following organizations have agreements with the U.S. Department of Education to participate in the Federal Family Education Loan (FFEL) Program as guaranty agencies under section 428(b) of the Higher Education Act of 1965, as amended (HEA). The guaranty agencies on this list are authorized to issue administrative wage garnishment withholding orders to employers, pursuant to section 488A of the HEA, to recover FFEL debts owed by individuals who have defaulted on their student loan repayment obligations.

- Alabama Commission on Higher Education
- American Student Assistance (Massachusetts)
- California Student Aid Commission
- Colorado Student Loan Program
- Connecticut Student Loan Foundation
- Coordinating Board for Higher Education (Missouri)
- Delaware Higher Education Loan Program
- Education Assistance Corporation (South Dakota)
- Florida Department of Education, Office of Student Financial Assistance
- Georgia Higher Education Assistance Corporation
- Great Lakes Higher Education Corporation (Wisconsin)
- Guaranteed Student Loan Program (Montana)
- Higher Education Assistance Authority (Kentucky)
- Illinois Student Assistance Commission
- Iowa College Student Aid Commission
- Louisiana Office of Student Financial Assistance Commission
- Maine Education Assistance Division, Finance Authority of Maine
- Maryland Higher Education Loan Corporation
- Michigan Department of Education, Guaranteed Student Loan Program
- Nebraska Student Loan Program
- New Hampshire Higher Education Assistance Foundation
- New Jersey Higher Education Assistance Authority
- New Mexico Student Loan Guarantee Corporation
- New York State Higher Education Services Corporation
- North Carolina State Education Assistance Authority
- Northstar Guarantee, Inc. (Minnesota)
- Northwest Education Loan Association (Washington)
- Ohio Student Aid Commission
- Oklahoma Guaranteed Student Loan Program
- Oregon State Scholarship Commission
- Pennsylvania Higher Education Assistance Agency
- Rhode Island Higher Education Assistance Authority
- South Carolina State Education Assistance Authority
- State Education Assistance Authority (Virginia)
- State Student Assistance Commission of Indiana
- Student Loans of North Dakota
- Student Loan Guarantee Foundation of Arkansas
- Tennessee Student Assistance Corporation
- Texas Guaranteed Student Loan Corporation
- Transitional Guarantee Agency (Minnesota)
- USA Group, Inc. (Indiana)
- Utah Higher Education Assistance Authority
- Vermont Student Assistance Corporation
- Virgin Islands Joint Board of Education

Exhibit "A", Page 2 of 2

400 MARYLAND AVE., S.W. WASHINGTON, D.C. 20202

Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation.

# EXHIBIT B

**TG**

P.O. Box 83100 Round Rock, Texas 78683-3100 | (800) 222-6297 | (512) 219-7337 | www.tgslc.org

**IN RE**
**STUDENT LOAN DEBT OF**
**WAYNE T CONTI, DEBTOR**

§
§
§

**EMPLOYER:**
**MERCER STREET BOOKS, INC.**
**206 MERCER ST**
**NEW YORK, NY 10012-1518**

### ORDER OF WITHHOLDING FROM EARNINGS

Pursuant to authority granted the Texas Guaranteed Student Loan Corporation (TG) by federal law (Public Law 102-164; 20 U.S.C. §1095a et seq.), **YOU**, the employer of the debtor named below, **ARE HEREBY ORDERED AND DIRECTED** to withhold income from the debtor's disposable pay from this employment for payment of defaulted student loan(s), as follows:

| | | |
|---|---|---|
| **Debtor:** | **WAYNE T CONTI** | **SSN#:** 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 |
| **Address:** | **5 MORTON ST APT 4D** | **Total Amount** |
| | **NEW YORK, NY 10014-4053** | **Currently Due:** $10,858.92 |

**Amount to Withhold:**
Employer **SHALL DEDUCT AND PAY TO TG** from the debtor's wages ten percent (10%) of the debtor's disposable pay for each pay period, or the amount permitted by 15 U.S.C. 1673, unless the debtor provides TG with written consent to deduct a greater amount. **This amount SHALL be deducted** until the amount set forth above as the "Total Amount Currently Due", plus all further accrued interest, is fully paid.

**Time for Withholding:**
Employer is **DIRECTED to begin withholding** from the debtor's disposable pay beginning with **the first pay period** that occurs after the issuance of this Withholding Order.

**Method of Payment:**
Employer is **DIRECTED TO PAY all amounts withheld** on each regular pay day, no less frequently than once each month, to:

        TG
        P.O. Box 659601
        San Antonio, TX 78265-9601

All payments **MUST identify** the debtor and the debtor's social security number.

Section 488A of the Act provides that an employer who fails to comply with a garnishment order issued under this law will be liable for any amounts that are not so withheld following its receipt, in addition to costs of suit as a result of legal action authorized under the law.

**THIS ORDER OF WITHHOLDING IS ISSUED ON November 16, 2005.**
TG Collections
Email: collections@tgslc.org

Exhibit "B"



# EXHIBIT C

**TG**

P.O. Box 83100 Round Rock, Texas 78683-3100 | (800) 252-9743 | (512) 219-5700 | www.tgslc.org

IN RE
STUDENT LOAN DEBT OF               §
WAYNE T CONTI, DEBTOR              §
                                   §

EMPLOYER:

MERCER STREET BOOKS INC
ATTN: PAYROLL
206 MERCER ST
NEW YORK NY 10012-1518

## SECOND NOTICE OF
## ORDER OF WITHHOLDING FROM EARNINGS

On 11/16/2005 the Texas Guaranteed Student Loan Corporation (TG) issued an **ORDER OF WITHHOLDING FROM EARNINGS FOR WAYNE T CONTI, DEBTOR, (SSN 156465851) REQUIRING THE EMPLOYER TO WITHHOLD A PERCENTAGE OF THE DEBTOR'S WAGES FOR PAYMENT OF DEFAULTED STUDENTLOAN(S).** Our records indicate this debtor is employed by this company. For your reference, a second copy of that Order is enclosed with this Second Notice.

TG's records reflect that, as of the date of this Second Notice, **WE HAVE NOT RECEIVED THE WAGE GARNISHMENT PAYMENTS THE ORDER OF WITHHOLDING REQUIRES THE EMPLOYER TO MAKE.**

Under federal law, **TG MAY SUE ANY EMPLOYER WHO FAILS TO WITHHOLD WAGES AFTER RECEIPT OF AN ORDER OF WITHHOLDING.** If TG is forced to file suit, it is entitled to seek not just the amount an employer fails to withhold, but also attorney's fees, costs and punitive damages. **UNLESS YOUR WITHHOLDING PAYMENT IS RECEIVED BY TG WITHIN THIRTY DAYS AFTER THE ISSUANCE OF THIS SECOND NOTICE, TG MUST REVIEW THIS MATTER BEFORE LEGAL ACTION.**

**IF THE DEBTOR REFERENCED IN THE ORDER OF WITHHOLDING NO LONGER WORKS FOR THE EMPLOYER,** you must so notify TG to preclude liability for failure to comply with the Order. A second Employer Acknowledgement of Wage Withholding Obligation is enclosed with this Second Notice. You must fill in the appropriate spaces on the form and return it to TG **IMMEDIATELY** so that the Order of Withholding may be released.

If you have not sent in a wage garnishment payment for this debtor because **THE DEBTOR'S NEXT PAY PERIOD FOLLOWING THE ISSUANCE OF THE ORDER OF WITHHOLDING HAS NOT YET OCCURRED,** you must fill out the pay period information on the Employer Acknowledgement and return it to TG immediately.

**IF YOU HAVE ALREADY MADE THE WAGE GARNISHMENT PAYMENT(S) FOR THIS DEBTOR,** please call TG at the number listed below to confirm that the payment was received.

**YOUR COOPERATION IS ESSENTIAL TO THE SUCCESS OF THIS PROGRAM.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS SECOND NOTICE OR THE WAGEGARNISHMENT PROCESS, CALL THE ADMINISTRATIVE WAGE GARNISHMENT UNIT AT 1-800-222-6297 OR 512-219-5700, EXT. 4125 (IN ROUND ROCK).

THIS SECOND NOTICE IS ISSUED ON 01/05/2006

TEXAS GUARANTEED STUDENT LOAN CORPORATION

| | |
|---|---|
| CERTIFIED MAIL # | 7005 1820 0003 5137 8046 |
| ACCNT # | 3615600 |

Exhibit "C"